1   Peter J. Ferguson,  SBN 108297
    FERGUSON, PRAET & SHERMAN
2   A Professional Corporation
    1631 East 18th Street
3   Santa Ana, California  92705
    (714) 953-5300
4   (714) 953-1143 Fax
    email: Peterferg@aol.com
5
    Attorneys for Defendants City of Newport Beach and David Kresge
6
                    UNITED STATES DISTRICT COURT
7
                  CENTRAL DISTRICT OF CALIFORNIA
8

9   SUZANNE ABRAMS,                    )   Case No.  SACV 09-404 DOC
                                       )   (MLGx)
10                   Plaintiff,        )
                                       )
11        vs.                          )   DEFENDANTS' OBJECTIONS
                                       )   THE DECLARATION OF
12                                     )   RICHARD LICHTEN IN
                                       )   SUPPORT OF PLAINTIFF'S
13  CITY OF NEWPORT BEACH,             )   OPPOSITION TO
    CALIFORNIA, DAVID KRESGE, and      )   DEFENDANTS' MOTION
14  individual; and DOES 1 though 50,  )   FOR SUMMARY JUDGMENT
    Inclusive,                         )   OR IN THE ALTERNATIVE
15                                     )   PARTIAL JUDGMENT
                                       )
16                                     )
                     Defendants.       )   DATE: August 23, 2010
17                                     )   TIME: 8: 30 a.m.
                                       )   CRTRM: 9D
18  _____  )

19                                         Honorable Judge David O.
                                           Carter
20

21

22

23

24

25

26

27

28

1    Defendants hereby object to the Declaration of Richard Lichten regarding

2 paragraphs 2, 5, 6, 7, 8, 9, 10, 11, 12, 13 & 14 for the reasons stated below.

3    **I.    INTRODUCTION**

4    The opinions offered by Plaintiff's expert Richard Lichten concerning the

5 actions of the officers, are not sufficiently reliable to be admissible.  All portions

6 of this evidence should be stricken from Plaintiff's opposition.

7    In addition, Lichten is not qualified to provide the types of opinions

8 contained in his Declaration and his opinions are based on inaccurate facts.

9 Defendants respectfully request that the entire evidence presented by Richard

10 Lichten be stricken.

11    **II.    STANDARD APPLICABLE TO ADMISSIBILITY OF EXPERT**

12    **OPINIONS IN POLICE CASES**

13    **A.    Daubert Standard**

14    As with any expert opinion, under *Federal Rules of Evidence*, Rule 702, an

15 expert's opinion must be sufficiently reliable.  The purpose of the reliability

16 analysis is to ensure that the expert employs the same level of intellectual rigor as

17 other experts in the same field.  The first of the *Federal Rule of Evidence*, Rule

18 702 factors is quantitative, and imposes some type of a "floor" on the amount of

19 facts or data that must exist to support an expert's opinion.  See *Rudd v. G.M.*

20 *Corp.*, 127 F.Supp.2d 1330, 1339 (M.D. Ala.2001).

21    In interpreting the reliability requirement, practitioners should look to the

22 factors developed by the courts in examining whether an expert's opinions were

23 sufficiently reliable under *Daubert*, beginning with *Daubert* factors themselves.

24 In *Daubert*, the Supreme Court set forth several "general observations" or factors

25 for a court to consider when evaluating the reasoning or methodology underlying

26 the expert's testimony.  *Daubert*, 509 U.S. at 593, 113 S.Ct. At 2796.  In *Kumho*,

27 the Court noted that while these factors should be considered when they are

28 "reasonable measures" of reliability, they are not exclusive, and the district court

is given "broad latitude" to determine when they apply. *Kumho*, 526 U.S. at 152-53, 119 S.Ct. at 1176. The *Daubert* factors a court should consider when evaluating reliability are the following:

(1)  Whether the theory or technique underlying the expert's testimony can be or has been tested. *Daubert*, 509 U.S. at 593, 113 S.Ct. at 2796.

(2)  The known or potential rate of error of the technique and the existence and maintenance of standards controlling the techniques operation. *Daubert*, 509 U.S. at 594, 113 S.Ct. at 2797.

(3)  Whether the theory or technique has been subjected to peer review and publication. *Daubert*, 509 U.S. at 593, 113 S.Ct. at 2797.

(4)  Whether the expert's theory of technique enjoys "general acceptance" within a relevant scientific community. *Daubert*, 509 U.S. at 594, 113 S.Ct. at 2797.

(5)  In *Kumho*, the Supreme Court made it clear that the trial court can consider other factors when appropriate to ensure that the expert "employs in the courtroom the same level of intellectual rigors that characterizes the practice of an expert in the relevant field."

(a)  Whether the experts's opinion was developed expressly for the purpose of testifying or as a result of independent research.

(b)  Whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion.

(c)  Whether the expert has adequately accounted for alternative explanations.

(d)  Whether the expert "is being as careful as he would be in his regular professional work outside his paid litigation consulting."

(e)  Whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give. See Kumho, 562 U.S. at 151, 119 S.Ct. at 1175.

*Federal Rule of Evidence*, Rule 702, also requires that the expert's opinion help the trier of fact understand the evidence or determine a fact in issue, i.e., the opinion must be relevant to the facts at issue. *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999).  Relevance of expert testimony means that the reasoning or methodology can be applied properly to the facts in the case. *Daubert*, 509 U.S. at 592-93, 113 S.Ct. at 2796.

In a nutshell, the declaration lacks foundation, is conclusory and does not create a material issue of fact.

**Paragraph 2**: I am a thirty-year law enforcement veteran. Twenty of my thirty years was in supervisor and management positions. I have experience in patrol, detectives (including sexual assault investigations), narcotics, and large jails (over 4000 inmates). I have investigated over 1,800 use of force cases in patrol and custody settings.

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

**Paragraph 5**: From reviewing the deposition of Officer Kresge and Sa as well as the tape of Ms. Abrams arrest, I am aware that Officers Kresge and Sa asked Ms. Abrams <u>three</u> cursory questions to determine whether she was the victim of sexual assault – she admitted to having been on a date that night but

denied that anything bad happened to her on that date and said that she was OK. Notably, they never asked her the direct question "Were you raped?", they never asked who she was with or where she had been previously on that evening, they never collected evidence at the scene, they never asked her if she wanted to undergo a rape examination, they never asked if she wanted to speak with a female officer and they never canvassed the neighborhood to see if there were any witnesses – absolutely fundamental steps to take in the course of a rape investigation.

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

The conclusions are also vague and conclusory. See *Aprin v. Sant Clara Valley Trans*. 261 F.3d 916, 922 (9th Cir. 2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d 1919m 1911 (9th Cir. 1986) (Purely "Subjective personal judgments do not raise a genuine issue of material fact."). The conclusions are also an improper legal opinion.

**Paragraph 6:** The DVD reveals that shortly after the officers' cursory questions, Ms. Abrams became fearful of the officers and asked them, and then ordered them, to leave her property. She was intoxicated to the extent that she did

4

not recognize them as police officers and told them that she was going to call her security company and 911. She stated that they were making her feel "insecure."

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

The conclusions are also vague and conclusory. See *Aprin v. Sant Clara Valley Trans*. 261 F.3d 916, 922 (9th Cir. 2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d 1919m 1911 (9th Cir. 1986) (Purely "Subjective personal judgments do not raise a genuine issue of material fact.").  The conclusions are also an improper legal opinion.

**Paragraph 7:** According to the use of force policy of Newport Beach Police Department in effect at the time of this incident and produced by Defendants in response to a document request, the actions of Officer Sa and Defendant Kresge fell under the "Compliance Techniques" category and was "Reportable Force".

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the

reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

The conclusions are also vague and conclusory. See *Aprin v. Sant Clara Valley Trans.* 261 F.3d 916, 922 (9th Cir. 2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d 1919m 1911 (9th Cir. 1986) (Purely "Subjective personal judgments do not raise a genuine issue of material fact."). The conclusions are also an improper legal opinion.

See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J. Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page 148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of a rape investigation.").

**Paragraph 8:** Compliance Techniques are defined a: "[i]nclud[ing] joint manipulations, pressure point applications, take-down techniques, grappling type of techniques designed to hold a subject down by using the weight of an officer's body and the use of control holds."

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not

1    render the officer's actions unreasonable.").

2        The conclusions are also vague and conclusory. See *Aprin v. Sant Clara*

3    *Valley Trans*. 261 F.3d 916, 922 (9th Cir. 2001) (explaining that conclusory

4    allegations unsupported by factual data are insufficient to defeat a motion for

5    summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d

6    1919m 1911 (9th Cir. 1986) (Purely "Subjective personal judgments do not raise a

7    genuine issue of material fact."). The conclusions are also an improper legal

8    opinion.

9        See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J.

10   Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page

11   148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of

12   a rape investigation.").

13

14       ***Paragraph 9:*** The use of force policy defines "Reportable Force" as: An on-

15   duty or off-duty incident wherein officers pursuant to their official capacity use a

16   level of force above the "Restrain/Detain" level of force, or Any incident in which

17   an injury or complaint of injury occurs during the course of contact with a subject,

18   or Any incident involving the actual or attempted detention of a subject at

19   gunpoint (defined as holding the barrel of the weapon on target.)

20       ***Defendants' Response****:* Objection. Lack of Foundation as to his

21   qualifications. Having "experience" is not sufficient if not specifically detailed.

22   His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit

23   has found such expert testimony, which offers a more reasonable course of action

24   based on hindsight, fails to create a genuine issue of material fact regarding the

25   reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170

26   (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999

27   (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not

28   render the officer's actions unreasonable.").

1    The conclusions are also vague and conclusory. See *Aprin v. Sant Clara*

2  *Valley Trans.* 261 F.3d 916, 922 (9th Cir. 2001) (explaining that conclusory

3  allegations unsupported by factual data are insufficient to defeat a motion for

4  summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d

5  1919m 1911 (9th Cir. 1986) (Purely "Subjective personal judgments do not raise a

6  genuine issue of material fact."). The conclusions are also an improper legal

7  opinion.

8    See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J.

9  Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page

10  148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of

11  a rape investigation.").

12

13    **Paragraph 10:** The use of force by Officer Sa and Defendant Kresge falls is

14  "reportable force" for two reasons: first, the "Compliance Techniques" category is

15  one level above the "Restrain/Detain" level of force and second, Ms. Abrams

16  complained to the officers on three occasions on the DVD that she was injured as

17  a result of their use of force.

18    **Defendants' Response:** Objection. Lack of Foundation as to his

19  qualifications. Having "experience" is not sufficient if not specifically detailed.

20  His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit

21  has found such expert testimony, which offers a more reasonable course of action

22  based on hindsight, fails to create a genuine issue of material fact regarding the

23  reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170

24  (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999

25  (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not

26  render the officer's actions unreasonable.").

27    The conclusions are also vague and conclusory. See *Aprin v. Sant Clara*

28  *Valley Trans.* 261 F.3d 916, 922 (9th Cir. 2001) (explaining that conclusory

allegations unsupported by factual data are insufficient to defeat a motion for summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d 1919m 1911 (9th Cir. 1986) (Purely "Subjective personal judgments do not raise a genuine issue of material fact."). The conclusions are also an improper legal opinion.

See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J. Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page 148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of a rape investigation.").

**Paragraph 11**. Since there was a reportable use of force, the use of force policy required Officer Sa and Defendant Kresge to document the use of force, their supervisor was required to assess the incident, conduct a follow up investigation and forward a report to the Executive Officer to the Chief of Police and the Newport Beach Police Department was required to ensure a thorough investigation is completed. None of this was done.

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

The conclusions are also vague and conclusory. See *Aprin v. Sant Clara Valley Trans*. 261 F.3d 916, 922 (9th Cir. 2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for

summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d 1919m 1911 (9ᵗʰ Cir. 1986) (Purely "Subjective personal judgments do not raise a genuine issue of material fact."). The conclusions are also an improper legal opinion.

See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J. Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page 148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of a rape investigation.").

**Paragraph 12:** Further, in direct contravention to the policy of the Newport Beach Police Department that calls for officers to obtain medical treatment for subjects who have sustained injuries or who express a complaint of injury in connection with the use of reportable force, Officer Sa and Defendant Kresge failed to obtain medical treatment for Ms. Abrams.

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9ᵗʰ Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9ᵗʰ Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

The conclusions are also vague and conclusory. See *Aprin v. Sant Clara Valley Trans*. 261 F.3d 916, 922 (9ᵗʰ Cir. 2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d 1919m 1911 (9ᵗʰ Cir. 1986) (Purely "Subjective personal judgments do not raise a

genuine issue of material fact."). The conclusions are also an improper legal opinion.

See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J. Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page 148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of a rape investigation.").

**Paragraph 13:** The use of by Defendant Kresge was unreasonable under the circumstances, particularly that Defendant Kresge had presented to the scene to investigate a rape and that Ms. Abrams may have been under the influence of something other than alcohol. The officers should have realized that the situation could turn violent. Since there was no immediate threat from Miss Abrams, time was on the side of the officers. The officers should have defused the situation by stepping back and calling for a supervisor and a Drug Recognition Expert (DRE). The term is called decompression, in other words, giving the person breathing room. The use of decompression pause (when there is an opportunity, as in this case) is helpful and can encourage additional communication and gain time, leading to a resolution with Miss Abrams without the need for physical interaction.

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.*, 114 F.3d 999 (9th Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

The conclusions are also vague and conclusory. See *Aprin v. Sant Clara Valley Trans*. 261 F.3d 916, 922 (9ᵗʰ Cir. 2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d 1919m 1911 (9ᵗʰ Cir. 1986) (Purely "Subjective personal judgments do not raise a genuine issue of material fact."). The conclusions are also an improper legal opinion.

See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J. Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page 148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of a rape investigation.").

**Paragraph 14:** Newport Beach did not have a policy in place calling for an experienced investigator to investigate a possible rape.

**Defendants' Response:** Objection. Lack of Foundation as to his qualifications. Having "experience" is not sufficient if not specifically detailed. His CV is not attached nor a relevant case analysis. Moreover, the Ninth Circuit has found such expert testimony, which offers a more reasonable course of action based on hindsight, fails to create a genuine issue of material fact regarding the reasonableness of an officers actions. *Reynolds v. San Diego*, 84 F.3d 1162, 1170 (9ᵗʰ Cir. 1997) (overruled on other grounds in *Acri v. Varian Assoc.* , 114 F.3d 999 (9ᵗʰ Cir. 1997) ("The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable.").

The conclusions are also vague and conclusory. See *Aprin v. Sant Clara Valley Trans*. 261 F.3d 916, 922 (9ᵗʰ Cir. 2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment); Speculation: See *Schuler v. Chronical Board Co.,* 793 F,2d

1919m 1911 (9th Cir. 1986) (Purely "Subjective personal judgments do not raise a genuine issue of material fact."). The conclusions are also an improper legal opinion.

        See also deposition of Officer Kresge, Exhibit 147 to Declaration of Peter J. Ferguson filed concurrently hereto, pg. 147: 14-24 (not a use of force); id. page 148: 4-20; 150: 11-17). See also id. page 153: 21-24 ("We weren't in the middle of a rape investigation.").

                                                  Respectfully submitted,

DATED: August 9, 2010               FERGUSON, PRAET & SHERMAN
                                     A Professional Corporation

                        By:   /s/ Peter J. Ferguson, Esq.
                              Peter J. Ferguson, Attorney for Defendants
                              City of Newport Beach and Officer Kresge

1
2
                              PROOF OF SERVICE
3
4
STATE OF CALIFORNIA, COUNTY OF ORANGE
5
          I, Coleen M. Ludvigson, am employed in the aforesaid County, State of
California; I am over the age of 18 years and not a party to the within action.  My
6
business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

7
          On August 9, 2010, I served the foregoing **DEFENDANTS'
OBJECTIONS THE DECLARATION OF RICHARD LICHTEN IN
8
SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL
JUDGMENT** on the interested partiesas follows:
9

10
Harry W. Harrison, Esq.
Daniel D. Bodell, Esq.
11
Harrison, Patterson, O'Connor & Kinkead, LLP
402 West Broadway, 29th Floor
12
San Diego, CA 92101

13
_____    (By Mail)    I placed such envelope for deposit in accordance with office
          practice, sealed, with postage thereon fully paid and the correspondence to
14
          be deposited in the United States mail at Santa Ana, California on the same
          day.
15
XXX (By e-filing) The above noted individuals are registered with the Court to
16
          receive notice of electronically filed documents. Per ECF rules, hard copies
          must be served only on parties who are not set up for electronic notification.
17

_____    (State)  I declare under penalty of perjury that the foregoing is true and
18
          correct, and that I am employed in the office of a member of the bar of this
          Court at whose direction the service was made.
19
XXX (Federal)  I declare under penalty of perjury that the foregoing is true and
20
          correct, and that I am employed in the office of a member of the bar of this
          Court at whose direction the service was made.
21
Executed on August 9, 2010, at Santa Ana, California.
22

23
                                              /s/Coleen M. Ludvigson
                                              Coleen M. Ludvigson
24
25
26
27
28