Peter J. Ferguson, SBN 108297
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300
(714) 953-1143 Fax
email: Peterferg@aol.com

Attorneys for Defendants City of Newport Beach and David Kresge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE ABRAMS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF NEWPORT BEACH, CALIFORNIA, DAVID KRESGE, and individual; and DOES 1 though 50, Inclusive,<br><br>　　　　　Defendants. | Case No. SACV 09-404 DOC (MLGx)<br><br>**DEFENDANTS CITY OF NEWPORT BEACH AND DAVID KRESGE'S NOTICE OF MOTION AND MOTION FOR PLAINTIFF FILING A FRIVOLOUS, UNREASONABLE, OR WITHOUT FOUNDATION LAWSUIT**<br><br>**Date: February 7, 2011**<br>**TIME: 8:30 a.m.**<br>**CRTRM: 9D**<br><br>**Honorable Judge David O. Carter** |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on February 7, 2011, at 8:30 a.m., or as soon thereafter as the matter may be heard, in courtroom 9D, of the above entitled court located at 411 W. Fourth Street, Santa Ana, California, before the Honorable David O. Carter, Defendants City of Newport Beach and David Kresge, will seek an award to recover attorney's fees and costs pursuant to 42 U.S.C. §§ 1983, 1988 and the Court's inherent power.  Defendants will seek recovery of these costs including reasonable fees against Plaintiff Suzanne Abrams.

This motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Peter J. Ferguson, the pleading, record, file and judgment in this action, and on such other matter as may be presented at the hearing of this motion.

On December 17, 2010, Defendants sent a letter to plaintiff's counsel requesting a meet and confer pursuant to Local Rule 7-3. See Exhibit A to the Declaration of Peter J. Ferguson.

DATED: January 5, 2011               FERGUSON, PRAET & SHERMAN
                                     A Professional Corporation

                            By:   /s/ Peter J. Ferguson
                                  Peter J. Ferguson, Attorney for Defendants
                                  City of Newport Beach and David Kresge

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendants file this motion without a meet and confer, after an attempt to do so was denied due to Plaintiff's counsel claiming that one of their trial attorneys (Daniel Bodell) is out of the country until the end of the year. This does not excuse Plaintiff's other trial attorney (Harry Harrison), who actively participated in this trial, from addressing this matter. (See Exhibit B to the Declaration of Peter J. Ferguson).

Plaintiff Suzanne Abrams filed this lawsuit against the individual officers claiming a host of allegations within the Third Amended Complaint including:

Count 1:  Violations of civil rights of plaintiff for both Fourth and Fourteenth Amendment through assault and battery; excessive force; failure to provide medical treatment; against the individual officers and negligence; negligent hiring, training and retention against the defendant City of Newport Beach.

Count II: Alleged conspiracy in violation of plaintiff's Fourth and Fourteenth Amendment rights against the individual defendant; and negligence; negligent hiring, training and retention against the defendant City of Newport Beach.

Subsequently, Defendants were partially granted their Motion for Summary Judgment.

At the time of the trial, there was only one claim left. It was the allegation of a Fourteenth Amendment violation, lack of medical care, against Defendants.

The trial resulted in a defense verdict, as there were no new facts presented and this claim was frivolous, unreasonable, or without foundation.

## II. DEFENDANTS ARE ENTITLED TO ATTORNEY'S FEES UNDER 42 U.S.C. §§ 1983 and 1988

"A court has discretion to award attorney's fees to the prevailing defendant in a civil rights suit if the action is groundless or without foundation." *Patton v. The County of Kings,* 857 F.2d 1379, 1381 (9th Cir. 1988) (quoting *Sherman v. Babbitt,* 772 F.2d 1476, 1478 (9th Cir. 1985)).  The Supreme Court has held that prevailing defendants in a 1983 action are entitled to recover attorney's fees under 1988 if the plaintiff's action is ***frivolous, unreasonable, or without foundation***. *Tutor-Saliba Corp. v. City of Hailey,*  452 F.3d 1055, 1060 (9th Cir. Idaho 2006) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173 (1980) (per curiam) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694 (1978)).

42 U.S.C. § 1988 states in pertinent part:

> "Under 42 U.S.C. § 1988 ,a district court may award attorney's fees to a prevailing defendant only in limited circumstances.  A prevailing defendant in a civil rights action is entitled to an attorney's award where plaintiff's action, even though not brought in subjective bad faith is ***frivolous, unreasonable, or without foundation.***"
> [emphasis added]

Defendants believe that Plaintiff brought her lawsuit in bad faith; however, even if this Court does not find it was initiated in bad faith, Defendants hold that it was definitely  frivolous, unreasonable or without foundation.  The same facts that were presented within the summary judgment and throughout discovery were the

4

same baseless facts vetted within the federal case leading to a defense verdict.

It was determined by this Court prior to the jury trial, that Plaintiff had no memory of the facts surrounding the night of the subject incident. This was determined by this Court during the Motion for Summary Judgment whereby this Court stated in its ruling, that Plaintiff has no memory of the facts that night; therefore, the facts as presented by Defendant Officer Kresge must stand.

Plaintiff did not have any factual and legal basis for her constitutional claims at the outset of the litigation. Therefore, Defendants respectfully request that this Court award attorney's fees and costs to prevailing Defendants.

### III. EVEN IF THE COURT FINDS THAT PLAINTIFF'S CLAIM WAS NOT FRIVOLOUS IT WAS UNREASONABLE OR WITHOUT FOUNDATION; THEREFORE, DEFENDANTS SHOULD BE AWARDED FEES AND COSTS

It is not necessary that the court find that Plaintiff's claim was frivolous in order to award attorney's fees and costs to Defendants; only that Plaintiff's claim was unreasonable or without foundation. Based on the fact that this Court previously ruled, during the Motion for Summary Judgment hearing, that Plaintiff had no memory of the facts or events from the night of the subject incident, it was unreasonable for Plaintiff to pursue a claim for a violation of her rights to medical attention. (See Exhibit D to the Declaration of Peter J. Ferguson).

Plaintiff has no memory of the night in question; however, on the video of the event, she specifically and emphatically claimed that she was "absolutely" alright after her date on the night in question. There were no facts, coming from Plaintiff, that led any officer involved to believe that any harm had come to Plaintiff prior to their arrival to her home. If no harm had occurred to Plaintiff, then the officers could not be held liable to provide medical attention. Plaintiff was overwhelmingly drunk and attacked the officers when they tried to get her to go into

her home for the night. These facts were vetted by the officer's cameras from the event in question, as well as Plaintiff's deposition and reiterated during trial. Nothing new was discovered during trial and due to her lack of memory, no facts ever supported her allegations against the officers.

In fact, by the time it was amended for the third time, Plaintiff had already provided her deposition in this matter, reviewed video material from that night, and knew that she did not give any officer a reason to believe that she needed medical attention. A fact the jury decided as well.

Therefore, Defendants respectfully request this Court award Defendants attorney's fees and costs due to the fact that Plaintiff's claim of a violation to receive medical attention was baseless, unreasonable and without foundation from the beginning when the complaint was originally filed and subsequently amended three times.

## IV. REASONABLE FEES AND COSTS SHOULD BE AWARDED

Defendants have not completed its compilation of fees and costs with regard to this matter, and rather than further increase costs of continued litigation, Defendants request that if, reasonable attorney's fees and costs are granted by way of this motion, that an application including documentation of fees and costs be submitted at a later time. The first hurdle in this process is whether or not Defendants are entitled to reasonable attorney's fees under 42 U.S.C. § 1988.

To date, the approximate fees are $81,400.00 and the costs for the experts fees is $80,000.00. At the very least, expert fees should be reimbursed to the defendants.

Thus, by way of this motion, Defendants seek an order for application to seek reasonable fees and costs.

**V. CONCLUSION**

Defendants respectfully request the foregoing that their motion for fees pursuant to 42 U.S.C. § 1988 be granted due to Plaintiff's bad faith in pursuing a frivolous, unreasonable or without foundational claim for violation of medical care.

DATED: January 5, 2011                    FERGUSON, PRAET & SHERMAN
                                          A Professional Corporation

                                    By:   /s/ Peter J. Ferguson
                                          Peter J. Ferguson, Attorney for Defendants
                                          City of Newport Beach and David Kresge

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen M. Ludvigson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On January 5, 2011, I served the foregoing **DEFENDANTS CITY OF NEWPORT BEACH AND DAVID KRESGE'S NOTICE OF MOTION AND MOTION FOR PLAINTIFF FILING A FRIVOLOUS, UNREASONABLE, OR WITHOUT FOUNDATION LAWSUIT** on the interested parties in this action by placing a true copy addressed as follows:

Harry W. Harrison, Esq.
Daniel D. Bodell, Esq.
Harrison, Patterson, O'Connor & Kinkead, LLP
402 West Broadway, 29th Floor
San Diego, CA 92101

____ (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

____ (State) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

XXX (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 5, 2011, at Santa Ana, California.

/s/Coleen M. Ludvigson
Coleen M. Ludvigson