**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-404 DOC (MLGx)                              Date: January 31, 2011

Title: SUZANNE ABRAMS v. CITY OF NEWPORT BEACH et. al.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS):    DENYING DEFENDANTS' MOTION FOR ATTORNEYS FEES

     Before the Court is Defendant's Motion for Attorneys Fees and Costs in the above-captioned case ("Motion") (Docket 121). The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Court hereby DENIES the Motion.

     **I.**    **BACKGROUND**

     The facts of this case are well known to all parties. In brief, Plaintiff Suzanne Abrams ("Plaintiff") was arrested in the early morning hours of April 4, 2007 by police officers who had been called to the scene in order to investigate a report that Plaintiff was standing outside her home yelling "rape" while an unidentified male drove away from her. The officers arrive to find Plaintiff intoxicated and Plaintiff subsequently told the officers that "nothing bad" had happened to her on her date. An altercation ensued between Plaintiff and Officer David Kresge of the Newport Beach Police Department, resulting in Plaintiff's arrest.

     Plaintiff filed suit against Defendants Officer David Kresge and the City of Newport Beach ("Defendants") alleging violations of her civil rights under both the Fourth and Fourteenth Amendments as well as the existence of a conspiracy to violate her civil rights. The Court granted

summary judgment in favor of Defendants' on Plaintiff's claims under the Fourth Amendment, as well as on Plaintiff's claims of conspiracy to violate her civil rights.  The Court denied Defendants' motion for summary judgment with respect to Plaintiff's claim under the Fourteenth Amendment that the officers who arrested her exhibited deliberate indifference to her medical needs as a possible rape victim.  A jury trial was held on this matter, which resulted in a verdict in favor of the Defendants.

Defendants now move the Court for an award of the attorneys fees and costs incurred in defending this action.

## II.     LEGAL STANDARD

Our laws encourage individuals to seek relief for violations of their civil rights, and allow a defendant to recover fees and costs from a plaintiff in a civil rights case only "in exceptional circumstances" in which the plaintiff's claims are "frivolous, unreasonable or without foundation." *See Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990) (internal quotation marks, citation omitted); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Moreover, only fees "attributable exclusively to plaintiff's frivolous claims," are recoverable by a defendant. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir .2006)**.**  The Ninth Circuit has articulated a "longstanding policy of solicitude for civil rights plaintiffs" in "insist[ing] that they be required to reimburse defendants only for fees incurred in defense against exceptionally unwarranted claims." *Harris*, - - - F.3d - - -, 2011 WL 167040 at *5 (9th Cir. 2011).

## III.    DISCUSSION

Defendants' Motion is entirely devoid of compelling arguments in favor of Defendants' request for the award of attorneys fees and costs.  Defendants merely recite the standard for the award of attorneys fees under 42 U.S.C. § 1988, conclusorily state that Plaintiffs' case was "definitely frivolous, unreasonable or without foundation", and then offer a few sentences of arguments regurgitated from their summary judgments briefs and arguments at trial.  In other words, Defendants seek to make their Motion turn on a comparison of the respective merits of each party's case.  As the jury verdict in this case shows, Defendants emerge victorious in this comparison.  This in no way means, however, that Plaintiffs' case was "unreasonable or without foundation." *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (In determining whether a plaintiff's claim was frivolous, "a district court must assess the claim at the time the complaint was filed, and must avoid *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasoanble or without foundation."); *Harris*,, - - - F.3d - - -, 2011 WL 167040 at *14 (Bybee, J., dissenting in part and concurring in part) (civil rights defendants must establish that "plaintiffs' claims were not just meritless, but frivolous..."). Defendants' conclusory briefing implies, contrary to the applicable law, that prevailing on the merits is sufficient to justify the award of attorneys fees.  Crafting a motion around this erroneous legal assumption is, ironically, frivolous.

The Court concludes by copying a section from the Ninth Circuit's recent decision in *Harris*, discussing the important policy reasons that underlie the fee system in civil rights cases. As the Ninth Circuit explains:

> Congress and the courts have long recognized that creating broad compliance with our civil rights laws, a policy of the "highest priority," requires that private individuals bring their civil rights grievances to court. Even when unsuccessful, such suits provide an important outlet for resolving grievances in an orderly manner and achieving non-violent resolutions to highly controversial, and often inflammatory, disputes. Guaranteeing individuals an opportunity to be heard in court instead of leaving them only with self-help as the means of remedying perceived injustices creates respect for the law and ameliorates the injury that individuals feel when they believe they have been wronged because society views them as inferior. Our system of awarding attorneys fees in civil rights cases is in large part dedicated "to encouraging individuals injured by . . . discrimination to seek judicial relief."

*Harris*, - - - F.3d - - -, 2011 WL 167040 at *3 (9th Cir. 2011) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)).

Granting Defendants' motion would discourage civil rights plaintiffs from seeking judicial relief for their injuries, leaving "self-help as the [only] means of remedying perceived injustice." *Id.* The Motion is DENIED.

## VI. DISPOSITION

For the reasons elucidated above, the Court hereby DENIES Defendants' Motion for Attorneys Fees and Costs.

The Clerk shall serve this minute order on all parties to the action.